IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

     vs.                          Criminal Action 2:17-cr-0054(1)
                                     JUDGE JAMES L. GRAHAM

ZA DARRICK J. BROOKS

## REPORT AND RECOMMENDATION

Defendant Za Darrick J. Brooks is charged in a *Superseding Indictment* with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count 1); and two counts of bank fraud in violation of 18 U.S.C. §§ 1343, 2 (Counts 3 and 5). The *Superseding Indictment* also contains a forfeiture provision. The United States and defendant entered into a plea agreement, executed pursuant to the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to Counts 1 and 5.[1]  On January 10, 2018, defendant, accompanied by his counsel, appeared for a change of plea proceeding.  Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261,

---

[1] The *Plea Agreement,* ECF No. 128, includes a restitution obligation in an amount to be determined by the Court, and an appellate waiver provision, which preserves only certain claims for appeal but which does not limit defendant's ability to pursue a claim under 28 U.S.C. § 2255. The parties agreed at the plea proceeding that, under the *Plea Agreement*, defendant will not contest the Government's efforts to obtain a forfeiture money judgment.

263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty pleas, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's pleas, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Superseding Indictment* and the consequences of his pleas of guilty to Counts 1 and 5. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's pleas are voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on December 4, 2017, represents the only promises made by anyone regarding the charges in the *Superseding Indictment*. Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the statement of facts supporting the charges, which is attached to the *Plea Agreement*.[2] He confirmed that he is pleading guilty to Counts 1 and 5 of the *Superseding Indictment* because he is in fact guilty of the offenses

---

[2] Although the *Statement of Facts*, as filed, is unsigned, defendant ratified that statement at the plea proceeding.

charged in Counts 1 and 5.  The Court concludes that there is a factual basis for the pleas.

The Court concludes that defendant's pleas of guilty to Counts 1 and 5 of the *Superseding Indictment* are knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the pleas.

It is therefore **RECOMMENDED** that defendant's guilty pleas to Counts 1 and 5 of the *Superseding Indictment* be accepted.  Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.


If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of*

3

*Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


January 10, 2018                      *s/ Norah McCann King*
  Date                              Norah M$^{c}$Cann King
                                United States Magistrate Judge